## W. Heller and Sons, Appellees, v. Illinois Traction Company et al., Appellants.

### Gen. No. 5,844.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

### Statement of the Case.

Action by W. Heller & Sons against Illinois Traction Company et al. to recover a certain amount of overpayments made on the purchase of a carload of junk from the defendants. Plaintiffs had verdict and judgment for $305.82. To reverse the judgment, defendants appeal.

JAMES A. KNOWLTON, for appellants; GEORGE W. BURTON, of counsel.

SHEEN & GALBRAITH, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

SALES, § 352*—*when purchaser may recover overpayments resulting from shortage in weights.* In an action to recover overpayments made on a carload of junk purchased by plaintiffs of defendants at a certain price a pound, it appeared that an agent of defendants represented in a memorandum that there was a certain number of pounds of different kinds of metal consisting of. brass, copper, white borings, yellow borings, brass and iron, and copper and iron, and that one of the plaintiffs inquired what the white borings were and was told to go to investigate the same at the place they were loaded in the car, which he did, and it appeared that the plaintiffs after receiving the car found there was a shortage in weight on several items and very much less "brass" than the memorandum called for, and a very much greater weight of the item of "brass and iron." The defense to the action was that defendants did not warrant the brass to be free from iron and that plaintiffs could not recover the shortage because one of them inspected the car. *Held,* that the inspection was to ascertain what was meant by "white borings," that the plaintiffs had no opportunity to ascertain the weights of each kind of metals in the car and that a verdict for plaintiffs was proper.